IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RODNEY L. SANER,                )
                                )
          Plaintiff,            )   Civil No. 06-6104-MC
                                )
     v.                         )   FINDINGS AND
                                )   RECOMMENDATION
DESCHUTES COUNTY, et al.,       )   AND ORDER
                                )
          Defendants.           )
_____)

COFFIN, Magistrate Judge.

    Plaintiff's application to proceed *in forma pauperis* (#1) is allowed, subject to further review by the court. This action may go forward without the payment of fees or costs. However, the Clerk of the Court shall not issue process until further order of the court.

    Plaintiff's complaint alleges ten claims for relief. Claims One through Five allege matters having to do with plaintiff's pre-arrest encounters with Deschutes County

1 - FINDINGS AND RECOMMENDATION and ORDER

Deputies. Claims Six through Ten allege constitutional violations by various Deschutes County corrections staff, arising out of plaintiff's incarceration in the Deschutes County Jail.

Plaintiff's claims all arise out of the same general alleged facts and circumstances giving rise to his claims in <u>Saner v. Deschutes County Sheriff Deputy Michael Malloy, et al.</u>, Civ. No. 05-0011-TC. In that case a Findings and Recommendation (#77) was entered on May 9, 2006, recommending that plaintiff's claims arising out of his incarceration in the Deschutes County Jail be dismissed on the ground that plaintiff did not exhaust his administrative remedies with respect to those claims.

Ordinarily, exhaustion of remedies is not a pleading requirement. However, under the circumstances of this case I find that it is appropriate to take judicial notice of the law of Civ. No. 05-0011-TC. In that case the court held:

> The Prison Litigation Reform Act (PLRA) provides: No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S. C. § 1997e(a); <u>Porter v. Nussle</u>, 534 U.S. 516, 531-32; <u>Booth v. Churner</u>, 532 U.S. 731 (2001); <u>see also</u>, <u>Bennet v. King</u>, 293 F.3d 1096, 1098 (9th Cir. 2002); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002).
>
> The conduct giving rise to plaintiff's claims against the moving defendants allegedly occurred while plaintiff was incarcerated at DCAJ. The evidence of record establishes that inmate grievance procedures existed and were in effect while

2 - FINDINGS AND RECOMMENDATION and ORDER

plaintiff was incarcerated at DCAJ. The grievance procedures were codified as part of jail policy and describe in detail how inmates could file grievances for problems experienced while housed at DCAJ. See, Defendants' Concise Statement of Facts (#35), Affidavit of Ruth Jenkins. There is no record of any grievance filed by plaintiff during his incarceration at DCAJ. Id.

Plaintiff's reliance on Ngo v. Woodford, 403 F.3d 620 (9th Cir. 2005) is misplaced. In Ngo the plaintiff filed a grievance but did not pursue it to all levels after the appeal of his grievance was rejected as untimely. In this case, it is undisputed that plaintiff did not file any grievance as to any of his complaints. Accordingly, Ngo is distinguishable and plaintiff's "procedural default" argument is not persuasive.

It is undisputed a grievance system was available to plaintiff and that plaintiff did not file any grievance as to any claim. Therefore, any factual dispute as to defendants' conduct is irrelevant.

Plaintiff's failure to exhaust administrative remedies is dispositive of all his claims. Therefore, it is not necessary to address defendants' other arguments.

Based on the court's findings in Civ. No. 05-0011-TC that plaintiff did not file any grievances during his incarceration in the Deschutes County Jail during the time giving rise to his claims in this action, I find that plaintiff's Claims Six through Ten should be dismissed.

Plaintiff may proceed with his pre-incarceration claims [Claims One through Five]. Service on the remaining defendants will be ordered after the adoption or other disposition of this Findings and Recommendation.

Plaintiff's Motion to Consolidate (#3) this action with Civ. No. 05-0011-TC is denied without prejudice to request

3 - FINDINGS AND RECOMMENDATION and ORDER

reconsideration after the remaining defendants in this case have been served and have responded.

DATED this 6th day of June, 2006.

Thomas M. Coffin
United States Magistrate Judge

4 - FINDINGS AND RECOMMENDATION and ORDER